IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION



United States District Court
Southern District of Texas
ENTERED

MAR 0 1 2000

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| JEAN SALOMON | § | |
| TDCJ #789453 | § | |
| | § | |
| V. | § | CIVIL ACTION NO. C-00-40 |
| | § | |
| OFFICER GARCIA | § | |

## MEMORANDUM AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, the plaintiff brings suit under 42 U.S.C. § 1983 alleging constitutional violation by Officer Garcia of the Garza West Unit, Texas Department of Criminal Justice - Institutional Division ("TDCJ-ID"), when Officer Garza allegedly stole $199.20 worth of personal items from him (D.E. 1).

## DISCUSSION

A plaintiff proceeding *in forma pauperis* shall be dismissed if plaintiff fails to state a claim upon which relief could be granted. 28 U.S.C. § 1915. Such a claim may not be dismissed unless it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. Norman v. Apache Corp., 19 F.3d 1017, 1021 (5th Cir. 1994); Carney v. RTC, 19 F.3d 950, 954 (5th Cir. 1994). For purposes of analysis, the allegations of the complaint must be taken as true. Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 523 (5th Cir. 1994).

### In Forma Pauperis Screening

"The federal in forma pauperis statute, enacted in 1892 and presently codified at 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324, 109 S.Ct. 1827, 1831 (1989) (citing Adkins v. E.I. DuPont

de Nemours & Co., 335 U.S. 331, 342-43, 69 S.Ct. 85, 90-91 (1948)). A district court in examining an action filed IFP may dismiss the case if satisfied that the action is frivolous or malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B). The in forma pauperis litigant lacks the economic incentive which prevents other litigants from filing frivolous suits. Thus, the power of sua sponte dismissal may be invoked by the court to prevent abusive litigation and to "spare prospective defendants the inconvenience and expense of answering such complaints". Neitzke, 109 S.Ct. at 1831.

A complaint is frivolous under § 1915(e)(2)(B)(i) when "it lacks an arguable basis either in law or in fact". Id. at 1831-32. District judges have the authority "to dismiss a claim based on an indisputably meritless legal theory", for example the claim of the infringement of a legal interest which clearly does not exist. Id. at 1833. The Fifth Circuit has interpreted the Supreme Court's ruling as permitting a two pronged test: an IFP proceeding may be dismissed sua sponte when (1) the claim has no realistic chance of ultimate success or (2) the claim has no arguable basis in law and fact. Booker v. Koonce, 2 F.3d 114, 116 n.9 (5th Cir. 1993); Pugh v. Parish of St. Tammany, 875 F.2d 436, 438 (5th Cir. 1989). A complaint should not be dismissed for failure to state a claim under § 1915(e)(2)(B)(ii) unless it appears beyond doubt that the plaintiff can prove no set of facts which entitle him to relief. Conley v. Gibson, 355 U.S. 41, 46, 78 S.Ct. 99 (1957).

### Deprivation of Property Claim

Plaintiff claims that defendant Officer Garcia intentionally stole or confiscated his personal property. However, even the intentional destruction of an inmate's property does not raise a constitutional claim if, as in Texas, an adequate post-deprivation remedy exists. Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 3204 (1984) ("For intentional, as for negligent deprivations of

2

property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post-deprivation remedy."); Simmons v. Poppell, 837 F.2d 1243, 1244 (5th Cir. 1988); Marshall v. Norwood, 741 F.2d 761 (5th Cir. 1984).

## RECOMMENDATION

It is recommended that plaintiff's complaint be dismissed for frivolity and for failure to state a claim upon which relief can be granted.

Respectfully submitted this 28 day of February, 2000.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (1996) (en banc).